ERVING, Plaintiff in Review *v.* PRAY.

Where, upon the review of a real action, the land and improvements were each estimated by the Jury at a less sum than by the former verdict, and the demandant thereupon elected to abandon the land, it was holden that the tenant was entitled to his costs of the review.

This was a writ of entry, at the trial of which, at *June* term 1818, the jury found a verdict for the demandant; and under *Stat.* 1807. *ch.* 75, found the increased value of the demanded premises by virtue of the buildings and improvements made by the tenant to be *six hundred* dollars, and the value of the land, exclusive of the buildings and improvements, to be *seventy-one dollars and forty cents.* The demandant then sued the present writ of review, on the trial of which the jury again found a verdict for him, and estimated the increased value of the premises at *five hundred* dollars, and the value of the land exclusive of the buildings and improvements, at *fifty-one* dollars. The demandant thereupon elected in open Court to abandon the land, pursuant to the statute : and the question was, whether the tenant should have judgment for his costs on the review, according to *Stat.* 1786. *ch.* 66.

Mellen C. J. delivered the opinion of the Court to the following effect :

According to the letter of *Stat.* 1786. *ch.* 66, its provisions as to costs are not in strictness applicable to this case, nor could such a case have been contemplated when that statute was enacted. We must therefore look to the spirit of that statute, and the principles on which it is founded.

At the former trial the demandant obtained a verdict, and at the request of both parties the value of the demanded premises and the improvements thereon made were then estimated by the jury. This review is sued by the demandant, and the verdict is the same as before as to the general issue, but in the estimation of value it finds a lower sum, both in the value of the land, and the improvements; and the demandant has abandoned the premises to the tenant at this last estimation.

Erving *v.* Pray.

If the action be considered independent of the estimation of value, there seems to be no reason why the demandant should be entitled to the costs of review, inasmuch as the former verdict, as to the general issue, has not been varied by the latter. If the cause be considered in relation to the estimation of the land and improvements, there seems be as little reason that the demandant should have his costs, because the premises are now abandoned to the tenant at a less value than was estimated by the former verdict ;—that is to say, he purchases the land at a less price than the former jury established. The tenant is then the prevailing party, and the former verdict has been altered in a point material to him, that is, in the sum of money he must pay for the land.

On the whole we are of opinion that the tenant is entitled to his costs on the review.